JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Shogakukan, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of ) | Case No: 5:20-mc-80222 |
| ) | |
| ) | **EX PARTE APPLICATION FOR ORDER** |
| SHOGAKUKAN, INC., ) | **PURSUANT TO 28 U.S.C. § 1782** |
| ) | **PERMITTING DISCOVERY FOR USE IN** |
| Applicant. ) | **FOREIGN PROCEEDING AND** |
| ) | **MEMORANDUM IN SUPPORT** |
| _____ ) | |

    Applicant, Shogakukan, Inc. ("Shogakukan"), a corporation organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Paypal Holdings, Inc. ("Paypal") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

    The proposed subpoena attached to this application seeks from Paypal documents and information relating to certain Paypal accounts used by infringers who illegally copied and uploaded an extensive amount of the Shogakukan's copyrighted comic books on their pirate websites located at https://manga1000.com and https://manga1001.com, respectively.

    This application is supported by the memorandum in support below, the declarations of of Junji Suzuki ("Suzuki Decl."), Hiroyuki Nakajima ("Nakajima Decl."), and Doan Thanh Ha ("Ha Decl."). Nakajima and Ha are attorneys in Japan and Vietnam, respectively, who

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

1  represent Shogakukan in connection with anticipated lawsuits in Japan and Vietnam against
2  the Infringers.

3  **I.      BACKGROUND**

4        Shogakukan is a well-known publisher in Tokyo, Japan of a wide variety of genres and
5  mediums, including comic books, literature, magazines, and educational books. Nakajima
6  Decl. ¶ 4.  It has recently come to Shogakukan's attention that certain Paypal users (each the
7  "Infringer" and collectively the "Infringers") uploaded on their pirate websites located at
8  https://manga1000.com and https://manga1001.com, respectively (collectively the "Infringing
9  Websites"), an extensive amount of unauthorized copies of the Shogakukan's copyrighted
10 comic books.  Such illegal copies mostly contain the entire pages of the book or volume and
11 some of the illegal copies were uploaded on the Infringing Websites soon after publication.
12 The Infringing Websites were written in Japanese, seemingly catered to Japanese language
13 viewers.  The Infringers, the infringing copies located at the Infringing Websites (collectively
14 the "Infringing Work"), and the comic books, the exclusive right of which are owned by
15 Shogakukan (collectively the "Original Work"), are identified in Exhibit A attached to
16 Nakajima Decl. concurrently submitted with this application.  *Id*. ¶ 5.

17       According to Nakajima, Shogakukan's Japanese attorney, the Infringing Work
18 constitutes copyright infringement under Japanese law. *Id*.  ¶ 6.

19       Therefore, Shogakukan intends to bring a lawsuit in Japan against the Infringers as
20 soon as their identities have been ascertained through the discovery sought by this application.
21 *Id*.  ¶ 7.

22       Shogakukan first attempted to obtain the identifying information about the Infringers
23 through a subpoena issued under 17 U.S.C. § 512(h) (the "DMCA Subpoena") from
24 Cloudlfare, Inc. ("Cloudflare"), which provided online and network services to the Infringers.
25 However, such efforts did not produce the information sufficient to locate the Infringers.  A
26 copy of the subpoena served on Cloudflare and the relevant part of the response and
27 documents produced by Clodulfare (collectively the "Cloudflare Response") are attached to
28 Suzuki Decl. as Exhibit A and B respectively.   Suzuki Decl. ¶ 2-3.  According to Nakajima

-Page 2 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

and Ha, Shogakukan's Vietnamese attorney, since Cloudflare does not verify the identity of a service user, the name, or address produced by Cloudflare in response to the DMCA Subpoena do not necessarily reveal the true identity of the Infringers and IP addresses are the most effective and reliable information to locate the Infringers.  Nakajima Decl. ¶ 9; Ha Decl. ¶ 4.  Based on the Cloudflare Response and Ha's investigation, the IP addresses produced in the Cloudflare Response belong to Vietnam Posts and Telecommunications Group and Vietnam Telecom National.  However, in Vietnam, with certain exceptions, there is no legal remedy available for a third party company to obtain identifying information of the users from telecommunication companies based on copyright infringement[1].  Ha Decl. ¶ 4.

In order to identify the Infringers who committed unlawful acts against Shogakukan through their pirate websites, it is crucial for Shogakukan to obtain the additional and more reliable information relating to the Infringers, i.e. the information relating to the Paypal accounts associated with the Infringer and the Infringing Work, including the names, addresses, telephone numbers, email addresses, and IP addresses used and registered by the Infringers with their Paypal accounts on the most recent date and at the time each of their payment was made to Cloudflare for the services provided in connection with the Infringing Website. Nakajima Decl. ¶ 10; Ha Decl.  ¶ 4.

## II.   ARGUMENT

### A.   Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

---

[1] Law No. 41/2009/QH12 dated November 23, 2009 of the National Assembly of the Socialist Republic of Vietnam on Telecommunications.

-Page 3 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: "(1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B.  Shogakukan's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782.**

**1.  Paypal From Whom Discovery Is Sought Is Located in This District.**

Paypal, from whom the discovery requested in this application is sought, is located in San Jose, California[2].  Therefore, Paypal is within this Court's district.

**2.  The Requested Discovery Is for Use in a Proceeding and Criminal Investigation in Japan.**

The discovery requested in this application must be for "use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  28 U.S.C. § 1782(a).  The foreign proceeding needs not actually be under way before 28 USC § 1782 may be invoked. It is sufficient that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

---

[2] https://www.paypal.com/us/webapps/mpp/about

-Page 4 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Shogakukan intends to bring a lawsuit in Japan or potentially in Vietnam against the person associated with the Paypal accounts in question as soon as the person's identity has been ascertained through the discovery sought by this application.  Nakajima Decl.  ¶ 7, 10. Ha Decl. ¶ 1.  Thus, the requirement that the discovery be for use in a foreign proceeding is met.

### 3. Shogakukan is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person."  As plaintiff in the anticipated litigation in Japan or Vietnam, Shogakukan is clearly an interested person under 28 U.S.C. § 1782.

## C. Shogakukan's Application Further Meets All of the Discretionary Factors under *Intel*.

### 1. Paypal Is Not Participant in the Foreign Proceeding.

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264.  If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Paypal is not a participant in the prospective lawsuit in Japan or Vietnam. Nakajima Decl. at ¶ 18. Additionally, the documents that Shogakukan seeks are located in the United States and not in Japan or Vietnam.  Thus, they are out of reach of the Japanese or Vietnamese court's jurisdiction.

### 2. The Requested Information Is Crucial to Shogakukan's Bringing Lawsuit in Japan or Vietnam and the Japanese and Vietnamese Courts Would Be Receptive to this Court's Assistance.

-Page 5 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel.* at 264.

In order to identify the person who committed unlawful acts against Shogakukan through the Paypal accounts in question for purposes of bringing a lawsuit against such person in Japan or Vietnam, it is crucial for Shogakukan to obtain the sufficient information relevant to the Paypal accounts used by the Infringer. Nakajima Decl. ¶ 8-11. Ha Decl. ¶ 4.

In addition, the Japanese courts would be receptive to this court's assistance. In fact, the Japanese courts have been receptive to the discovery assistance made by the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).   Vietnamese courts would be also receptive to this court's assistance. *In re Request for Judicial Assistance from the People's Court of Da Nang City, Vietnam in the Matter of Van Thang Huynh, et al.,* Case No. 1:19-cv-02750, N.D. Ill. May 2, 2019.

### 3. Shogakukan's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel.* at 265.

Shogakukan is not aware of any restrictions imposed by or any policies under Japanese or Vietnamese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Nakajima Decl. ¶ 19. Ha Decl. ¶ 5. In the past, courts have granted 28 U.S.C. § 1782 applications for the use in the proceedings in Japan, both civil and criminal, as well. *Marubeni Am. Corp.* at 98; *LG Elecs. Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS 2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28

-Page 6 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).   Courts have also granted 28 U.S.C. § 1782 applications for the use in the proceedings in Vietnam.  *In re the People's Court of Da Nang City, Vietnam.*

> **4.  Shogakukan's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.**

"Unduly intrusive or burdensome requests may be rejected or trimmed."   *Intel.* at 265.

As shown in the proposed subpoena to Paypal attached to the proposed order submitted with this application, the discovery requested by Shogakukan is narrowly tailored and limited to the discovery materials related to the Paypal accounts relating to the Infringer and Infringing Work through which the identity of the defendant(s) to the anticipated Japanese or Vietnamese lawsuit could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Paypal accounts subject to the proposed subpoena. *Optiver Australia Pty. Ltd. v.Tibra Trading Pty. Ltd.,* Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, the proposed subpoena only seeks disclosure of names, telephone numbers and addresses of the person(s) whose payment method is associated with each of the Paypal accounts subject to the said subpoena.  It does not seek disclosure of credit card numbers, bank account numbers, or any other sensitive information.  *In re Medical Corporation H&S*, Case No. 5:19-mc-80058-VKD, N.D. Cal. May 15, 2019 (granted application seeking disclosure of name and address of credit card holder registered on Google Account).

However, it is highly unlikely that the perpetrators have provided their true name and address to Paypal when they created an account with Paypal.  Thus, the names and addresses Paypal may have on file in connection with the Paypal accounts subject to the proposed subpoena, even if they are disclosed in response to the proposed subpoena, would highly likely to be fictitious and would not help Shogakukan identify the Infringers.  In such case, an access log is the only available information that could identify the perpetrators.  The

-Page 7 of 8-

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support

access logs recorded only when users make a payment through Paypal to Cloudflare relating to the Infringing Website are not sufficient to identify the Infringer.  Nakajima Decl. ¶ 13-17. Furthermore, access logs contain no private information of the Paypal accounts subject to the proposed subpoena. Access logs only disclose time stamps (showing when the Paypal accounts holders accessed) and IP addresses. Any other private information (e.g. information about what websites the holders may have accessed, what action they took, etc.) is not disclosed.  To sufficiently identify the Infringer, it is crucial to obtain the information highly likely to be true, which is name, address, email addresses, and/or telephone numbers for the payment methods registered with the Infringers' Paypal accounts, which the Infringers are highly likely to use the true information.  *Id.*  ¶ 11,

**III.   CONCLUSION**

For the reasons stated above, Shogakukan respectfully requests that this Court grant this application and permit that it issues the subpoena to Paypal attached to the proposed order submitted with this application.

Dated: December 17, 2020                               Respectfully submitted,

MARSHALL SUZUKI LAW GROUP, LLP

By: _____
    Junji Suzuki
    Attorney for Applicant,
    Shogakukan, Inc.

**In re Ex Parte Application of Shogakukan, Inc.**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Memorandum in Support